UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY HERNANDEZ,<br>Plaintiff,<br>v.<br>CITY OF BAKERSFIELD, *et al.*,<br>Defendants. | Case No. 1:26-cv-00573-CDB<br><br>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(Doc. 13)<br><br>**Deadline – Aug. 11, 2026** |

On January 22, 2026, Plaintiff Ray Hernandez initiated this action with the filing of a complaint against Defendants the City of Bakersfield, Robert Woods, Juan Gutierrez, Douglas Barrier, Stephanie Ocegueda, and Isaak Beltran. (Doc. 1).

Pending before the Court is Plaintiff's motion for leave to file an amended complaint. (Doc. 13). Defendants filed a statement of non-opposition to Plaintiff's motion on July 31, 2026. (Doc. 14).

**<u>Governing Law</u>**

Rule 15 permits a plaintiff to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). After such time has passed or plaintiff has once amended their complaint, amendment may only be by leave of the court or by written consent of the adverse parties. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal" and a court

should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors in assessing whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Atkins v. Astrue*, No. C 10–0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011) (the five factors "need not all be considered in each case"). Undue delay, "by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). On the other hand, futility of amendment and prejudice to the opposing party can, by themselves, justify the denial of a motion for leave to amend. *Bonin*, 59 F.3d at 845; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight).

In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

///

**Discussion**

The Court addresses the relevant *Nunes* factors below.

**A. Bad Faith**

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt.") (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Here, Plaintiff represents the amendments are not brought with any wrongful motive and the Court presumes Defendants concur given their non-opposition to Plaintiff's motion. There is no information before the Court suggesting bad faith on the part of Plaintiff in seeking leave to amend. Accordingly, this factor weighs in favor of amendment.

**B. Undue Delay**

By itself, a showing of undue delay is insufficient to deny leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973); *DCD Programs*, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. *Webb*, 655 F.2d at 979-80; *see Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (substantial delay, while not dispositive, is relevant to whether to permit amendment). In assessing whether there exists undue delay, a court shall consider if "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citations omitted). The mere fact that a party fails to offer a reason for not moving to amend earlier does not in itself constitute an adequate basis for denying leave to amend. *Howey*, 481 F.2d at 1190-91. Whether there has been "undue delay" should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991).

Given that Plaintiff filed his motion prior to the deadline for seeking leave to amend, and

as fact discovery will remain open for a considerable length of time, this factor weighs in favor of amendment because Plaintiff's motion was not unduly delayed.

**C. Prejudice to Opposing Party**

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs, Ltd.*, 833 F.2d at 187. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Here, Defendants do not oppose Plaintiff's motion and there is no information before the Court suggesting prejudice may result from a granting the motion. *See* (Doc. 14). Thus, this factor weighs in favor of amendment.

**D. Prior Amendments**

The Court's discretion to deny leave to amend is "particularly broad" where a party has previously amended the pleading. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Plaintiff's proposed amendments would constitute the first amendment to the pleadings. Thus, this factor weighs in favor granting of leave to amend.

**E. Futility of Amendment**

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile if the complaint clearly could not be saved by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). However, denial of leave to amend on futility grounds is "rare." *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id.*

Plaintiff represents that amendment would not be futile as the amendment includes cognizable claims. (Doc. 13 at 6). The Court finds no clear indication of futility on the face of the

proposed amended complaint (Doc. 13-1), particularly given that Defendants do not challenge the proposed amendments on futility grounds. Thus, this factor weighs in favor of granting leave to amend.

* * * * *

Because the *Nunes* factors all weigh in favor of permitting the proposed amendments, the Court will grant Plaintiff's unopposed motion to amend the complaint.

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to file a first amended complaint (Doc. 13) is GRANTED (*see* Fed. R. Civ. P. 15(a)(2));
2. No later August 11, 2026, Plaintiff SHALL FILE as a stand-alone docket entry the first amended complaint proposed in the motion (Doc. 13-1);
3. Defendants SHALL respond to the first amended complaint no later than 14 days following its filing and service (*see* Fed. R. Civ. P. 15(a)(3)).

IT IS SO ORDERED.

Dated: **August 6, 2026**

UNITED STATES MAGISTRATE JUDGE